IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>  :  <br>  Plaintiff,  :  Case No. 2:24-cr-64  <br>  :  <br>  v.  :  Judge Algenon L. Marbley  <br>  :  <br>  KENNETH D. TRIPLETT,  :  <br>  :  <br>  Defendant.  :  | |

**OPINION AND ORDER**

This matter is before the Court for consideration of the Government's Notice of Intent to Admit Evidence (ECF No. 42), and Defendant Kenneth D. Triplett's oral moton in limine. In the notice, the Government seeks a ruling that the identified evidence is admissible at trial and Mr. Triplett's motion in limine responds to this request. For the following reasons, the Government's request (ECF No. 42) is **GRANTED in part and DENIED in part** and Triplett's request is **DENIED**.

### I. BACKGROUND

On April 23, 2024, a Grand Jury returned an indictment charging Mr. Triplett with one count of possession with intent to distribute a mixture of fentanyl and heroin and one count of possession with intent to distribute cocaine, both in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C). (ECF No. 2). On March 13, 2025, the Government filed a Superseding Indictment adding one count of possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(B)(iii). (ECF No. 53).

Mr. Triplett's charges arise from a search warrant executed on April 3, 2024. (ECF No. 34-1 at 7). The search warrant affidavit, completed by Detective Adam Masinelli, explains that before the search warrant was executed, he and the Guernsey County Sheriff's Office investigated Mr.

Triplett for drug trafficking. (*Id.*). Included in the search warrant affidavit is information that Detective Masinelli received from a confidential informant that led the detective, based on his experience as a narcotics investigator, to believe Mr. Triplett was involved in narcotics transactions. (ECF No. 34-2 at 3). Specifically, on the morning of April 3, 2024, the confidential informant provided significant information: Mr. Triplett and a woman named Ashley Moore were going to get a local hotel room and Mr. Triplett had "a large amount of narcotics on him." (*Id.* at 4). After receiving this information from the confidential informant, the detectives, including the affiant Detective Masinelli, surveilled local hotels and identified Mr. Triplett and Ms. Moore together in a car at the Quality Inn Hotel. (*Id.*).

The Government argues that evidence at trial will establish that earlier in the day on April 3, 2024, Ms. Moore took drug addicts to a location to purchase narcotics from Triplett. (ECF No. 42 at 1). Moore then gave Triplett a ride from this same location to a hotel in Cambridge, Ohio, where she rented a hotel room that remained in her name at Triplett's request. (*Id.*). The Government also represents that the testimony and certain photographs will establish that Triplett carried a bag into the hotel room which was later found to contain narcotics. (*Id.* at 2).

The testimony will also purportedly explain that Moore only met Triplett once before April 3, 2024. The alleged meeting was around one month prior and during the time, Triplett allegedly stayed at a hotel in the Cambridge, Ohio, distributed narcotics, and Moore's boyfriend received some of the narcotics and suffered an overdose. (*Id.*). According to the Government, the witness passed on communication to Triplett that allowed Triplett to leave the hotel undetected by law enforcement. (*Id.*).

## II. LAW AND ANALYSIS

The Government filed a notice of intent to introduce at trial the evidence related to Triplett's alleged prior drug-trafficking related criminal activities. (ECF No. 42). Triplett, proceeding *pro se*, responded only orally on the first day of trial. Triplett argued orally in a motion in limine that prior crimes, wrongs, or other acts should not be admitted because such evidence is prejudicial and there are other ways the Government can prove its case besides showing criminal background. The Government explained it did not intend to bring in any evidence of Mr. Triplett's prior criminal record. Triplett then objected to any use of prior acts. Triplett also argued that any testimony about a confidential informant be excluded from trial.

### A. Prior Acts

Turning first to the prior acts the Government seeks to admit and Triplett seeks to exclude, Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Government argues the evidence of prior criminal actions it intends to introduce is nonethless admissible because it is relevant contextual, background evidence. (ECF No. 42 at 2–4). The Government also asserts the evidence is admissible under Rule 404(b) because it is relevant to prove knowledge, identity, motive, intent, and *modus operandi*. (*Id.* at 4–6). This Court will address each argument *seriatim*.

#### 1. *Contextual, Background Evidence*

The Government seeks to introduce evidence of "other acts" as "contextual or background evidence that may provide a step in the evidentiary route." (ECF No. 42 at 3). This type of evidence is often referred to as "*res gestae*" evidence and is "an exception" to the Rule 404(b) bar on evidence showing that on a particular occasion the person acted in accordance with the character. *United States v. Adams,* 722 F.3d 788, 810 (6th Cir. 2013). The admissible background evidence

3

"consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)); *see also United States v. Higgins*, 526 F. Supp. 3d 311, 315 (S.D. Ohio 2021) ("If *res gestae* still exists in evidence law, it is embodied in Rule 401, according to which, relevant evidence is admissible."). Generally, the background evidence has "causal, temporal, or spatial connection with the charged offense" and typically arises from "the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Hardy*, 228 F.3d at 748. This evidence is admissible where there is a "close connection between the charged offense and the proffered background evidence." *Id.*

The Sixth Circuit has noted that *res gestae* can "easily be abused," and emphasized the importance for district courts to "keep in mind both the scope of the charges and the narrow purpose for which the *res gestae* exception exists." *United States v. Brown*, 888 F.3d 829, 837–38 (6th Cir. 2018) (quoting *United States v. Gibbs*, 797 F.3d 416, 424, 425 (6th Cir. 2015)). "[T]he 'background circumstances exception' to the general exclusion of other act evidence is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce." *Hardy*, 228 F.3d at 748.

The charges against Triplett arise from a search and seizure on April 3, 2024, and are limited to possession with intent to distribute certain controlled substances. The proposed testimony of Triplett's alleged uncharged other criminal acts that day is "inextricably intertwined with the charged offense" and "necessary to complete the story of the charged offense." *Hardy*, 228 F.3d at 748. According to the Government, the proposed testimony will show a witness, Ms. Moore, took drug addicts to a location to purchase narcotics from Triplett on April 3, 2024. (ECF No. 42 at 1). She then gave Triplett a ride from the location to a hotel where she rented a room in

4

her name at Triplett's request. (*Id.*). The hotel room rented is the hotel room where the narcotics were recovered and ultimately led to possession with intent to distribute charges against Triplett. As such, the proposed evidence of the acts committed by Mr. Triplett that day has a "causal, temporal, or spatial connection with the charged offense" and arises from "the same events as the charged offense."

With respect to evidence of alleged other acts occurring a month before the April 2024 charges, the proposed testimony is admissible to contextualize the witness's relationship with Triplett. For example, in *United States v. Sumlin*, 956 F.3d 879, 889–90 (6th Cir. 2020), the Sixth Circuit found admissible testimony about the witness's prior drug purchases from the defendant because the testimony helped, among other things, contextualize the relationship between the witness and the defendant. Specifically, the testimony explained how the witness could identify the defendant. *Sumlin*, 956 F.3d at 890.

Similarly here, the proposed testimony is by a witness who purportedly only knew Triplett as "TJ" and as "a potential source of narcotics because of her first interaction with him the previous month." (ECF No. 42 at 4). The Government maintains that the previous acts before April 3, 2024, are "necessary to complete the story of the charged offense because they are close in time to the charged offense and constitute almost half of Triplett's interactions with the witness." (*Id.*). Certainly, the testimony is anticipated to show that on April 3, 2024, the witness drove Triplett to and from locations in connection with distribution of the narcotics seized. Testimony about the relationship between the witness and Triplett—and thus evidence of prior acts—explains the witness's involvement and gives "context for Triplett's actions and choices on April 3, 2024." (*Id.*). Without the testimony about the witness's knowledge of Triplett's alleged other acts, it would

be difficult for the witness to explain the witness's involvement in the events on April 3, 2024, including checking out a hotel room for Triplett.

The witness, thus, may offer testimony about the alleged other acts occurring the month before the charges in this case to help establish the witness's relationship with Triplett. The Government, however, also anticipates the witness will testify that a month before the charges, Triplett "distribut[ed] narcotics including to the witness's boyfriend who suffered an overdose." (ECF No. 42 at 2). To the extent the testimony begins detailing irrelevant events around the time the relationship was established, such as by reference to the boyfriend's overdose, the evidence is inadmissible. These details do not have a "causal, temporal or spatial connection with the charged offense" or arise from the "same events as the charged offense, form[] an integral part of a witness's testimony, or complete[] the story of the charged offense." *Hardy*, 228 F.3d at 748.

### 2. *Knowledge, Identity, Motive, Intent, and Modus Operandi*

The Government also asserts the evidence is admissible because it is relevant to prove knowledge, identity, motive, intent, and plan or *modus operandi*. (*Id*. at 4-6). As discussed above, relevant evidence of character, character trait, or other acts is inadmissible under Rule 404 "to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nonetheless, "[E]vidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Sixth Circuit has described Rule 404(b) as "an inclusionary, rather than exclusionary, rule." *United States v. Lattner*, 385 F.3d 947, 956 (6th Cir. 2004).

When deciding whether Rule 404(b) evidence is admissible, this Court must use the following process:

6

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Adams*, 722 F.3d 788, 822 (6th Cir. 2013) (internal quotations and citations omitted).

The Government argues the first step of the 404(b) analysis is met because it anticipates introducing evidence of other acts through a witness providing "details of her previous interaction with Triplett that is corroborated by his subsequent recruiting her for the activity that underlies his criminal charges on April 3, 2024." (ECF No. 42 at 5).

The Government also asserts the second step is satisfied because the evidence of Triplett's other acts is probative of issues other than character. This includes issues of knowledge, identity, motive, intent, and *modus operandi*. The Government, however, does not argue whether any issue identified is "material" or "in issue." *United States v. Jaffal,* 79 F.4th 582, 595 (6th Cir. 2023). The Sixth Circuit established that, to determine whether evidence "is probative of a material issue other than character," courts must analyze whether: (1) "the evidence is offered for an admissible purpose"; (2) the purpose is material, or "in issue"; and (3) "the evidence is probative with regard to the purpose for which it is offered." *Id.* (quoting *United States v. Bell*, 516 F.3d 432, 441-42) (6th Cir. 2008)). For example, "prior bad acts are not admissible to prove defendant's knowledge unless defendant places his mental state at issue or his knowledge of the [narcotics are] not inferable from proof of possession itself." *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (quoting *United States v. Jobson,* 102 F.3d 214, 221 (6th Cir.1996); *see also United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994) ("In this case, knowledge was not at issue because [the defendant] did not argue, for example, that he possessed the drugs by mistake or inadvertence,

7

or that he was so intoxicated as to be unaware of what he was doing. Rather, he denied possessing the drugs at all."). Similarly, in cases in which the identity of the perpetrator of the crime charged is in issue, evidence of *modus operandi* is admissible. *Johnson*, 27 F.3d at 1194 ("[T]here was no dispute about the *identity* of the perpetrator of the crime charged. [The defendant] did not claim, for example, that someone else possessed the twenty-five grams of cocaine base with intent to distribute it and that his arrest was the result of mistaken identity.").

The Government has, however, satisfied the second step with respect to at least one non-character purpose: intent. The Sixth Circuit ruled that, "where there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)." *Johnson*, 27 F.3d at 1192. "To determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is 'substantially similar and reasonably near in time' to the specific intent offense at issue." *Jaffal*, 79 F.4th at 595 (quoting *Bell*, 516 F.3d at 443). While the Sixth Circuit has "repeatedly recognized that prior drug distribution evidence is admissible to show intent to distribute," such evidence is "probative of present intent to possess and distribute" only when "the prior distributions were part of the same scheme or involved a similar *modus operandi* as the present offense." *Id.* (quoting *United States v. Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007)).

Here, the proposed testimony regarding the other acts involves events that occurred on the day of the search and seizure, and the month prior. The Government provides that the anticipated witness testimony would establish the witness's identification of Triplett which is based on the meeting with Triplett the month prior. The witness was also involved with Triplett's acts on April 3, 2024, and the Government asserts that testimony will show that Triplett's activities on April 3,

2024, and the prior month while Triplett stayed "in a Cambridge, Ohio hotel for both storage and distribution" involved "similar means of seeking transportation and housing that cannot be traced to him." (ECF No. 42 at 6). This demonstrates sufficiently a substantial similarity and reasonable closeness in time necessary for evidence probative of intent.

Finally, the third step is satisfied as the probative value of Triplett's alleged prior criminal conduct is not substantially outweighed by the potential prejudicial impact. Indeed, there is a high likelihood that jurors will use prior acts "precisely for the purpose it may not be considered; to suggest that the defendant is a bad person . . . and that if he 'did it before he probably did it again.'" *Johnson*, 27 F.3d at 1193. Nonetheless, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion, misleading, the jury, nor wasting this Court's time. The evidence of Triplett's activities in Ohio show intent and thus are probative of the charged offenses which require intent.

Further, the prejudicial impact can be appropriately minimized with a limiting instruction. *See Johnson*, 27 F.3d at 1194; *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996). Regardless of whether the testimony is admitted as background evidence or as permissible Rule 404(b) evidence, a limiting instruction is offered given the danger of the jury giving the evidence undue weight and using such testimony as impermissible "propensity" evidence. *See United States v. Jenkins*, 593 F.3d 480, 486 (6th Cir. 2010). Accordingly, provided sufficient evidence that the other criminal acts in question occurred is offered during trial, this Court will give a limiting instruction that the jury may consider this evidence only on the issue of Triplett's intent to commit the crimes. If other purposes become material, or "in issue," those purposes will be added to the limiting instruction as a permissible purpose.

As such, the proposed testimony of Triplett's other criminal acts is admissible to the extent the testimony addresses relevant background and is probative of intent or other purposes that may become material, or "in issue." As cautioned above, to the extent the testimony details irrelevant events connected to the other criminal acts, such the witness's boyfriend's overdose, the evidence is inadmissible. This evidence is not probative of a material issue and is generally irrelevant to Triplett's charges of possession with intent to distribute. Nor has the Government suggested why details of the referenced overdose would be probative of knowledge, identity, motive, intent, *modus operandi*, or any other reason. This apparent lack of probative value, thus, is substantially outweighed by the potential prejudicial impact resulting from associating an overdose with Triplett's possession and intent to distribute charges.

### B. Confidential Informant

With respect to Triplett's second request in his oral motion in limine, Triplett asks that any reference to a confidential informant be excluded from trial. He explained that, because the confidential informant will not be at trial, the Government should not be allowed to make any references to the confidential informant's statements. To support his argument, Triplett relies on the Sixth Amendment Confrontation Clause.

The Confrontation Clause guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has found that this right prohibits the introduction of testimonial hearsay against criminal defendants but does not apply to "the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59-60 (2004). So, "a court analyzing a confrontation claim must identify the role that a given out-of-court statement . . . served at trial." *Smith v. Arizona*, 602 U.S. 779, 793 (2024). As such, if a confidential

informant's statement is offered "for a non-hearsay purpose, there's no Confrontation Clause problem" under Supreme Court precedent. *Reed v. May*, 134 F.4th 455, 461 (6th Cir. 2025).

Here, the Government explained it will provide testimony indicating that there was a tip made by a confidential informant, and the detective investigated the tip. If the confidential informant's tip is not offered to prove the truth of the matter asserted, it does not violate the confrontation clause. *See e.g.*, *Reed*, 134 F.4th at 461 ("The Supreme Court's current precedent holds that the Confrontation Clause bars the use of testimonial hearsay. *See Smith*, 602 U.S. at 792, 144 S.Ct. 1785. Because the Ohio trial court admitted the confidential informant's statement for a non-hearsay purpose, there's no Confrontation Clause problem here under that precedent.").

Accordingly, Triplett's motion is **DENIED**. Provided the testimony about the confidential informant's statements is offered to prove the truth of the matter asserted, Triplett may raise his objection as appropriate.

### III. CONCLUSION

For the reasons set forth above, the Government's request in its Notice of Intent to Admit Evidence (ECF No. 42) is **GRANTED in part and DENIED in part**; and Mr. Triplett's oral motion in limine is **DENIED**. Specifically, the Government sought a ruling that certain evidence of prior acts is admissible at trial. The request is **GRANTED** as to proposed testimony about other criminal acts offered to explain relevant background and demonstrate intent. To the extent the testimony details irrelevant events connected to the other criminal acts, such the witness's boyfriend's overdose, the evidence is inadmissible, and the request is **DENIED**.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: May 23, 2025**