IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cr-64 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| KENNETH D. TRIPLETT, | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Kenneth D. Triplett's *pro se* motion to dismiss for speedy trial right violations. (ECF No. 85). For the reasons set forth below, the motion is **DENIED**.

          **I.**      **BACKGROUND**

On April 23, 2024, a Grand Jury charged Mr. Triplett with one count of possession with intent to distribute a mixture of fentanyl and heroin and one count of possession with intent to distribute cocaine, both in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C). (ECF No. 2). On March 13, 2025, the Government filed a Superseding Indictment adding one count of possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U. S. C. §§ 841(a)(l) and 841(b)(l)(B)(iii). (ECF No. 53). These charges arise from a search warrant executed on April 3, 2024. (ECF No. 34-1 at 7). This Court provided the factual background for this case in previous Opinions and Orders (ECF Nos. 82; 43).

As for the procedural background, on April 24, 2024, Mr. Triplett had his first appearance and arraignment with Magistrate Judge Chelsea M. Vascura and a federal public defender was appointed. (ECF No. 5). This Court scheduled jury trial for July 1, 2024. (ECF No. 9). The trial

date was continued on May 21, 2024, upon an Unopposed Motion to Continue filed by Mr. Triplett's appointed attorney. (ECF No. 15). Mr. Triplett, however, asserted that he was unaware of, and did not consent to, the continuance. (ECF No. 16). On July 2, 2024, Mr. Triplett's appointed attorney withdrew as counsel due to Mr. Triplett's request to proceed *pro se*. (ECF No. 18). This Court held a *Faretta* Hearing, on July 22, 2024, to ensure that he fully understood the implications of self-representation. (ECF No. 22). After holding the hearing, this Court granted his request to proceed *pro se* and appointed standby counsel from the CJA Panel. (ECF No. 23).

On July 8, 2024, Triplett filed a request for an evidentiary hearing. (ECF No. 19). He argued that certain photographs of a hotel database referenced in the search warrant affidavit were not initially included in discovery and, due to "the lack of chain of custody and photoshop and other picture altering apps and programs . . . the defense will like a special evidentiary hearing to inspect the devices for dates and timestamps concurring to the April 3, 2024, date." (*Id*.). He additionally filed a Motion to Inspect Physical Evidence and for Forensic Extraction in which he requests inspection of all evidence, including a text message thread with the confidential informant. (ECF No. 20 at 1). On August 21, 2024, Mr. Triplett still had not received the requested photographs of the hotel database, so he filed a Motion to Suppress Evidence Pursuant to Franks and Motion to Dismiss Indictment. (ECF No. 25). In the Motion to Suppress, Mr. Triplett requested this Court "suppress all evidence based on an insufficient search warrant affidavit and search warrant." (*Id*. at 1). He argued that all evidence should be suppressed based on a false statement in the affidavit made by Detective Masinelli: the statement that Masinelli obtained photographs of the hotel database. (*Id*.; ECF No. 34-2 at 4). The argument was based on the Government's failure to disclose these photographs with timestamps indicating the photographs were obtained before

2

signing the affidavit. (ECF No. 25). On August 29, 2024, Triplett filed a motion reiterating his request for evidentiary hearing and asserting Speedy Trial Act rights. (ECF No. 29).

On September 16 and September 20, 2024, after receiving photographs of the hotel database, Triplett additionally requested an expedited evidentiary hearing because the photographs he received did not have timestamps to show they were taken before the execution of the search warrant. (ECF Nos. 30; 32). Triplett later filed a motion to compel on November 26, 2024, requesting, among other things, the photographs of the hotel database with timestamps and information in connection with the "death threat" referenced in the search warrant affidavit. (ECF No. 38). The Government agreed to provide the timestamped photographs and confirmed the threat was relayed in an in-person conversation and that there is no related discoverable material. (ECF No. 39).

On December 19, 2024, this Court entered an Opinion and Order denying as moot the request for the death threat information and holding the motion to compel the photographs with timestamps in abeyance pending the Government's confirmation that it provided the requested information. (ECF No. 43 at 8). On the same day, the Government confirmed it provided the evidence to Triplett's standby counsel. (ECF No. 44). In the Opinion and Order, this Court also addressed Triplett's motions for hearings and to suppress evidence pursuant to *Franks* based on the same requested timestamped photographs. (ECF No. 43 at 10). This Court found that, with the photographs and timestamps the Government agreed to provide, the statement that Detective Masinelli "was able to obtain photographs of the Hotel database" was not a false statement to support a *Franks* hearing. (ECF No. 43 at 12). This Court also found that regardless of the alleged false statement, Triplett failed to show how Masinelli obtaining the photographs would be necessary for finding probable cause for the search warrant. (*Id*. at 13–14).

3

After Triplett received and reviewed the photographs with timestamps, he filed a new motion to compel on March 3, 2024, and a motion for an in-court discovery and inspection hearing on March 14, 2024. (ECF Nos. 51; 57). The motion to compel included requests for an opportunity to "inspect" evidence related to the timestamped photographs, information about an alleged death threat, additional photo evidence, surveillance, body/dash cam footage, and information stored on phones in evidence. (ECF No. 51). In the motion, Triplett referenced his previous motions to compel, motions to suppress evidence pursuant to *Franks*, and motions for evidentiary hearings, each made in connection with the search warrant affidavit statement that Masinelli "was able to obtain photographs of the Hotel database." *(Id.* at 1; ECF No. 34-2 at 4). Triplett argued that he has not had an opportunity to "inspect" the devices or software used to take the photos with timestamps and that he had not received the appropriate photos or evidence to support the photos. (ECF No. 51 at 1). He explained needing a hearing on the matter so that he may "challenge the authority of the process during the timestamping." (*Id.*). Triplett also filed a motion for continuance emphasizing his need for the evidence from the motion to compel and his desire for a discovery and inspection hearing. (ECF No. 61).

On March 12, 2024, the Government filed a motion requesting a *Lafler* hearing due to Triplett's refusal to accept a plea offer. (ECF No. 52). The next day, the Government filed the Superseding Indictment. (ECF No. 53). This Court held the *Lafler* hearing on March 17, 2024, during which Triplett confirmed rejecting the plea offer and confirmed receipt of the Superseding Indictment.

On April 9, 2025, this Court held a telephonic status conference to discuss Triplett's pending motions. (ECF No. 62). During the status conference, Triplett clarified that the information regarding the photographs is particularly relevant for his pretrial motions, as he

intends to file a suppression motion. (ECF No. 66). Triplett's standby counsel indicated that an expert examined the timestamped photographs at issue and could not conclude that any modification was made. Triplett nonetheless maintained that the timestamps suggested that the photographs were not taken on the date or time represented. (*Id*.). As such, this Court scheduled a *Franks* hearing and granted Triplett's motion to allow him to "inspect" the relevant evidence and present his expert on the matter. The hearing was scheduled as a *Franks* hearing to ensure parties had an opportunity to question both the expert and the search warrant affiant. The motion for continuance was also denied, but this Court reset the deadlines for pretrial motions and motions in limine "[t]o ensure parties have an adequate opportunity to consider information revealed on or before April 15, 2025." (ECF No. 65).

The *Franks* hearing was held on April 15, 2025. Triplett questioned the timestamped photographs, a death threat, and information about the confidential informant as referenced in the search warrant affidavit. This Court also conducted an in camera inspection of the photographs at issue on the device used to take them. This Court held that Triplett failed to establish how any potential discrepancy in the timestamps "would amount to a false statement knowingly and intentionally or with reckless disregard for the truth was included" in the search warrant affidavit or "how that allegedly false statement was necessary to a finding of probable cause." Accordingly, this Court found that Triplett failed to meet the standards required for the *Franks* hearing.

On April 14, 2025, before the *Franks* hearing, Triplett also filed a Motion to Reconsider the Request for Continuance. (ECF No. 67). During the hearing, this Court denied the request, noting that the pretrial deadlines were recently rescheduled to address his concerns mentioned in the motion. (ECF No. 82). On April 24, 2025, Mr. Triplett filed a motion for reconsideration of the filing deadlines (ECF No. 70), and the Government, on April 30, 2025, filed a motion for a

5

second *Lafler* hearing with respect to a new proposed plea agreement incorporating the Superseding Indictment (ECF No. 71).

This Court held the second *Lafle*r hearing on May 1, 2025, and briefly explained its holding on Triplett's remaining motions at the time: the Motion to Compel (ECF No. 51), and the Motion Reconsider Extension of Pretrial Motion Deadlines (ECF No. 70). (ECF No. 82). At the conclusion of the hearing, Triplett ultimately confirmed rejecting the plea offer. On May 9, 2025, this Court entered an Opinion and Order setting forth in writing its oral decisions rendered during the *Franks* hearing and second *Lafler* hearing. (ECF No. 82).

Trial is scheduled to begin on May 19, 2025. The pretrial motion deadline was April 18, 2025. (ECF No. 65). Motions in limine, witness lists, exhibit lists, proposed jury instructions, and stipulations, were due April 30, 2025. (*Id*.). The Government filed its witness list, exhibit list, and proposed jury instructions. (ECF Nos. 75; 76; 77). Triplett has not filed the same and has not filed a response. On May 8, 2025, this Court held a Final Pretrial Conference. (ECF No. 83). Triplett failed to appear after he refused to be transported to the Court. (*Id*.).

On May 15, 2025, Triplett filed a motion to dismiss. In his motion, Triplett argues violations of the Speedy Trial Act and his Sixth Amendment right to a speedy trial. (ECF No. 85).

## II. LAW AND ANALYSIS

### A. Speedy Trial Act

The Speedy Trial Act provides that, in "any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days" from the later of: (1) the "filing date" of the indictment; or (2) a defendant's first appearance before a judicial officer. 18 U.S.C. § 3161(c). Excluded from the 70-day limit is any delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion,"

18 U.S.C. § 3161(h)(1), and any delay "resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). When granting an ends-of-justice continuance, courts consider—among other factors—the potential for a miscarriage of justice and counsel's need for adequate preparation. *See* 18 U.S.C. § 3161(h)(7)(B). Ultimately, "whether to grant a continuance, along with the related decisions of whether to exclude periods of delay under the Speedy Trial Act, are matters entrusted to the sound discretion of the district court." *United States v. Martin*, Case No. 2:14-CR-126-3, 11 (S.D. Ohio Jan. 21, 2015); *see also United States v. Kone*, No. 2:23-CR-210(1), 2024 WL 4607487, at *3 (S.D. Ohio Oct. 29, 2024).

Triplett's indictment was filed on April 23, 2024, and he had his first appearance before a Magistrate Judge on April 24, 2024. (ECF Nos. 2, 5). Jury trial was initially set for July 1, 2024. First, excluded from the 70-day limit is any delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." 18 U.S.C. § 3161(h)(1). Triplett filed eight motions between July 2024 and November 2024, which were resolved in December 2024. (ECF No. 43). He filed five additional motions between March 3, 2025, and April 24, 2025 which this court resolved orally by May 1, 2025.

Second, considering the continuances in this case, the trial date does not exceed 70 days. This Court has granted two motions for continuances (each filed by or on behalf of Triplett), and *sua sponte* reset the trial date on two occasions. The first continuance was on May 21, 2024, after this Court granted an Unopposed Motion for Leave to Late File and to Continue Trial and Pretrial Deadlines. (ECF No. 15). This motion to continue, filed on behalf of Mr. Triplett by his former

7

appointed counsel, resulted in an October 15, 2024, trial date. (*Id*.). In granting the motion for continuance, this Court found: "(1) additional time is needed for both parties to complete their investigations and to prepare adequately for a fair and thorough trial; (2) defense counsel has discussed the extension with Defendant, who has agreed to it; (3) there are no indicia that either party has been less than diligent; and (4) no previous continuances have been given." (*Id*.).

Mr. Triplett argues the first continuance is partially non-excludable because he only consented to a 60-day continuance, not the full continuance granted. (ECF No. 85 at 5). He asserts this continuance was only "for a simple drug possession search warrant case with Triplett being the only defendant involving one C.I and one witness on behalf of the government." (ECF No. 85 at 5). He explains his prior counsel indicated the additional time requested was due to the Government's schedule. The motion filed by Triplett's counsel, however, explained the following:

> Counsel requests a continuance of Mr. Triplett's trial date and related deadlines for a period of at least 90 days. An initial production of discovery was provided to the defense on May 10, 2024. The defense requires additional time within which to review the discovery with the defendant. Further time is required within which to consult with the defendant and conduct any necessary investigation therefrom and determine whether this matter will be resolved short of trial. Additional time will also allow counsel to prepare for jury trial if the case cannot be resolved and the time sought is a currently reasonable estimation for the adequate preparation thereof.

(ECF No. 14 at 2). This motion, thus, indicates Triplett's counsel's need for additional time to prepare for Triplett's representation.

Under the Speedy Trial Act, the need for counsel effectively to prepare for trial is a proper factor courts consider when making an ends-of-justice determination. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (stating that "[w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation" is a proper factor for a district court to consider). Whether Mr. Triplett consented to the requests for additional

time does not render the continuances invalid, as the plain terms of the Act provide that an ends-of-justice continuance may be granted "at the request of the defendant *or* his counsel." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). *See United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009).

The second continuance was entered on August 26, 2024 and resulted in a January 6, 2025, trial date. This continuance was due to Mr. Triplett's Motion to Change Counsel and to proceed *pro se*. (ECF No. 23). On July 28, 2024, this Court granted the motion, appointed standby counsel from the CJA Panel, and vacated the trial date, noting that there is a newly appointed standby counsel. (ECF No. 23). In the order, this Court also recognized that the Government would also be unavailable for the previously scheduled trial date. (*Id*.). Parties were given a chance to discuss a mutually agreeable trial date. (*Id*.). On August 26, 2024, the parties, standby counsel, and this Court selected a new trial date: January 6, 2025. (ECF No. 28). Triplett, however, argues that this was an "abuse of discretion" and that he "was ready and capable of appearing at the trial." (ECF No. 85 at 8, 14). Even so, this Court's resetting of the trial date was a result of Triplett's motion to proceed *pro se* which prompted the appointment of standby counsel and the consideration of adequate time for Triplett to prepare his defense. The interests of justice thus outweighed the interests of in a speedy trial. Moreover, Triplett had motions pending from July 3, 2024, until December 19, 2024, and personally requested a continuance on December 19, 2024. As explained above, excluded from the 70-day limit is any delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." 18 U.S.C. § 3161(h)(1).

The third continuance was granted on December 26, 2024, and resulted in an April 14, 2025 trial date. The continuance was granted after standby counsel filed a motion on December 19, 2024, on behalf of Mr. Triplett. (ECF No. 45). In the motion, standby counsel indicated that

9

"Triplett advised me that he wanted a continuance and asked that I facilitate his request. I have discussed these matters with the AUSA, Kevin Kelley. All parties are doing their best to accommodate Mr. Triplett's request." (*Id*.). This Court found that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the interests of justice outweighed the interests of the public in a speedy trial because Triplett needed additional time to complete his investigation and to prepare adequately for trial, and there was no indicia that either party had been less than diligent. (ECF No. 46 at 1). Accordingly, this time is excludable.

Triplett argues the third continuance setting the April 14, 2025 trial date is non-excludable due to the Government's failure to disclose certain evidence. (ECF No. 85 at 9, 13). Triplett relies on *United States v. Cianciola*, 920 F.2d 1295, 1300 (6th Cir. 1990), and argues that discovery violations by the Government that result in a defendant's filing of a continuance may result in non-excludable time under the Speedy Trial Act. (ECF No. 85 at 13). In *Cianciola*, however, the court found that the defendant's argument regarding the Government's discovery delay failed without evidence that the Government "committed chronic discovery abuses or acted in bad faith." *Cianciola*, 920 F.2d at 1300.

Here, the Government has not indicated any chronic delay or bad faith but has shown a timely response to Triplett's requests. Triplett notes he requested certain evidence in a July 2024 letter and on August 30, 2024, the Government provided the photographs requested, but without the requested timestamps. (ECF No. 85 at 9). On November 26, 2024, Triplett filed his first motion to compel with five requests and the Government filed their response on December 9, 2024, indicating it would provide or had already provided discoverable information related to four of the five requests. (ECF No. 39). This Court denied one request, denied as moot two requests where the Government indicated it had provided all discoverable information, and held in abeyance two

10

requests for information which the Government indicated it would provide to Mr. Triplett. (ECF No. 43 at 7). On December 19, 2024, the Government confirmed it provided the information on the two requests held in abeyance, including the timestamped photographs. (ECF No. 44). Triplett further asserts the information provided was "fabricated" due to the misrepresentation by the Government of the process used to take the photographs requested. (ECF No. 85 at 11). The Government admitted it misrepresented that the photographs were taken "from a software program called evidence.com as provided by Axon Enterprise, Inc." (ECF No. 39 at 2). Instead, the photographs were taken with a "personal phone and then upload[ed] . . . to the previously described Axon platform days later." (ECF No. 74 at 2). This misrepresentation, however, does not appear to be any act of bad faith. *See Cianciola*, 920 F.2d at 1300. As such, this third continuance is excludable.

Finally, the current trial date of May 19, 2025 was set by this Court *sua sponte*. It was set during a *Lafler* hearing held on March 17, 2025, to address a withdrawn plea offer and the filing of a Superseding Indictment. (ECF No. 55). A new trial date was suggested because new charges were added to the indictment, and Triplett would need time to prepare adequately any defense. This Court noted the motion dates for trial based on the initial indictment had passed, confirmed Triplett's plea of not guilty to each count of the superseding indictment, and selected a new mutually agreeable trial date: May 19, 2025. This continuance is also excludable.

What remains unclear, however, is whether Mr. Triplett's motion to dismiss also incorporates the timing of the Superseding Indictment. Generally, "'[t]he filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment.'" *Sylvester v. United States*, 868 F.3d 503, 508–09 (6th Cir. 2017) (quoting *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994)); *see also United States v. Myers*, 666 F.3d 402, 405–06 (6th

11

Cir. 2012) ("More, the Act permits a district court to dismiss a charge in an indictment without prejudice and to start the clock anew only when *the defendant* files the motion to dismiss. When the government asks the court to dismiss an indictment, the 70–day clock is tolled, not reset, if the government files the same charges again. 18 U.S.C. § 3161(h)(5)."). Courts in the Sixth Circuit have further found that "[r]ather than restarting the speedy trial clock" a court should start "separate speedy trial clocks for the new charges." *Sylvester v. United States*, 110 F. Supp. 3d 738, 748 (E.D. Mich. 2015), *aff'd*, 868 F.3d 503 (6th Cir. 2017); *see also United States v. Roberts*, No. 3:20-CR-062, 2020 WL 5629680, at *2 (S.D. Ohio Sept. 21, 2020) ("[T]he Speedy Trial Act clock begins to run anew with the filing of a new indictment that contains a different charge."). Here, the Superseding Indictment was filed by the Government on March 13, 2024. It restates the charges from original indictment and adds one charge for possession with intent to distribute cocaine base. (ECF Nos. 2; 53). The Arraignment on the Superseding Indictment was held on March 17, 2025, Triplett filed his motion to dismiss on May 15, 2025, with trial scheduled to begin May 19, 2025. (ECF Nos. 59; 85). This time does not exceed the Speedy Trial Act clock.

In the context of Triplett's motion to dismiss for speedy trial right violations, it is noteworthy that since resetting the trial date to May 19, 2025, he has requested additional continuances. First, on April 7, 2025, Mr. Triplett requested a continuance based on not receiving a response to a Motion to Compel filed on March 3, 2025, and on not having a discovery and inspection meeting as scheduled. (ECF No. 61). This Court then held a telephonic status conference on April 9, 2025. During the conference, this Court scheduled a *Franks* hearing to address Triplett's concerns in his pending motions and denied the motion for continuance. (ECF No. 65). In denying the motion for continuance, this Court found the interests of justice did not outweigh the interests of the public and the Defendant in a speedy trial as required under 18 U.S.C.

12

§ 3161(h)(7)(A) because the issues Triplett identified in his motion would be timely addressed before trial. (*Id.*). Instead of resetting the trial date, this Court entered an order resetting the pretrial motions deadlines. (*Id.*). Triplett filed a motion to reconsider the request for continuance and this Court denied the motion for the same reasons. (ECF Nos. 67; 82). On April 24, 2025, Triplett filed a motion for reconsideration of the filing deadlines. (ECF No. 72). During a second *Lafler* hearing held on May 1, 2025, this Court denied the motion and in a later order, noted that Triplett has had ample opportunity to address the issues indicated in his motion. (ECF No. 82 at 18-21).

This Court has kept in mind the ends of justice and considered, among other factors, the potential for a miscarriage of justice and the need for adequate preparation. *See* 18 U.S.C. § 3161(h)(7)(B). Because each continuance was granted in this case to ensure adequate time for Triplett's trial preparation, this Court finds the trial date does not exceed 70 days; therefore, Triplett's Speedy Trial Act rights were not violated. Triplett's Motion to Dismiss pursuant to the Speedy Trial Act is accordingly **DENIED**.

### B. Sixth Amendment

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI. The Supreme Court has found that "it cannot identify 'with precision' what amount of delay will violate this 'vague' speedy-trial right. *United States v. Allen,* 86 F.4th 295, 303 (6th Cir. 2023) (quoting *Barker v. Wingo*, 407 U.S. 514, 521 (1972)). The Supreme Court in *Barker* set a "balancing test" with four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the speedy-trial right was timely asserted; and (4) what prejudice resulted. *See id.*

Turning to the first factor, the length of delay "is a triggering mechanism" and a delay longer than a year presumptively meets this requirement. *United States v. Brown*, 498 F.3d 523,

13

530 (6th Cir. 2007). Triplett argues that more than one year has passed since he was indicted on April 23, 2024. Indeed, more than one year has passed since the initial indictment, and under these circumstances, a "one-year delay is presumptively prejudicial and triggers analysis of the remaining Barker factors." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Regardless, the other factors weight against Mr. Triplett.

With respect to the second factor, the facts of this case undercut Triplett's motion. A defendant's counsel's "decision to litigate pretrial motions or ask for continuances" and a defendant's "decision to seek new counsel" weigh in favor of the Government. *Allen*, 86 F.4th at 305 (citing *Brown*, 498 F.3d 523, 531; *United States v. Young,* 657 F.3d 408, 415–16 (6th Cir. 2011)). Here, each delay was caused by Triplett's decision to proceed *pro se*, filing of pretrial motions, and requests for continuance (by him and on his behalf).

The first delay was from May 21, 2024, until October 15, 2024, and was a result of Triplett's counsel requesting a continuance for additional time to prepare for trial. Due to Triplett proceeding *pro se*, this Court had to appoint standby counsel and discuss with Triplett, standby counsel, and the Government a mutually agreeable date to have trial based on Triplett's new self-representation. (ECF No. 23). As such, on August 26, 2024, the delay was extended to a mutually agreeable date: January 6, 2025. (ECF No. 28). On December 26, 2024, the delay was further extended until April 14, 2025 after standby counsel filed a motion to continue on behalf of Mr. Triplett. (ECF No. 45). Moreover, between March 3, 2025, and April 24, 2025, Triplett filed five motions which were all resolved by May 1, 2025. These motions resulted in a *Franks* hearing in response to Triplett's requests for In-Court Discovery and Inspection Hearing and his overall indication of a desire to file motions to suppress based on search warrant affidavit statements.

14

(ECF No. 66). Accordingly, between May 2024 and May 2025, the delays have been a result of Triplett's pretrial motions, *pro se* status, and requests for continuances.

The third factor, the assertion of the speedy trial right, also weighs against Triplett. Courts consider "whether a defendant has adequately raised a speedy-trial objection, courts consider both how early a defendant has asserted this right and how often the defendant has done so." *Allen*, 86 F.4th at 305. Triplett raised the issue of his speedy trial rights in August 2024. (ECF No. 29). He explained he thought the trial date set for January 6, 2025, violated his rights under the Speedy Trial Act. (*Id.*). Nonetheless, Triplett subsequently filed a motion to continue the trial date on December 19, 2024 (ECF No. 45) to April 14, 2025. He also consented to resetting the trial date on March 17, 2025, to May 19, 2024. (ECF No. 60). Moreover, Triplett has filed additional motions to continue (ECF Nos. 61; 67; 70) requesting additional time beyond the current May 19, 2025 trial date. While Triplett asserted his right, his subsequent motions to continue and overall consent to further continuances weigh against him.

As for the fourth factor, prejudice, the Supreme Court instructs court to focus this analysis on three interests: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern for unresolved criminal charges, and (3) minimizing damage to the defense. *Barker*, 407 U.S. at 532. The Supreme Court noted that the most serious factor is the last factor "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532. Examples include when "witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." *Id*.

Triplett does not argue any of the interests, but instead argues that, due to a delayed disclosure of discovery and the short timeline to his current trial date, he was prejudiced. (ECF

15

No. 85 at 17). This appears to be an argument that he needs more time to prepare a defense for trial rather than an argument regarding prejudice due to a delay of the trial date. As such, Triplett has failed to show speedy-trial prejudice. *See, e.*g., *Allen*, 86 F.4th at 305. (finding defendants did not show speedy-trial prejudice when "[t]hey instead paradoxically argue[d] that the district court's decision to set the trial for February 2022 prejudiced them because it required that they conduct the trial using physical restrictions like masking and social distancing. To avoid these restrictions, however, the district court would have needed to delay the trial even longer. Whether or not these restrictions matter under other constitutional provisions . . . they do not show speedy-trial prejudice.").

Nonetheless, this Court addressed this "prejudice" argument when denying Triplett's motion to extend pretrial deadlines. (ECF Nos. 70; 82). Triplett explains in is motion to dismiss that the discovery delay prejudiced him as he sought to address issues with the search warrant affidavit, the evidence requested revealed time and date discrepancies, and the Government provided false information about the process used to take the photographs. Triplett also argues the discovery delay prejudiced him because it caused him to not accept lower plea offers, prolonged trial dates, and caused this Court to believe the timestamp discrepancies were Triplett's "main and only argument addressing the search warrant affidavit." (ECF No. 85 at 16). He asserts he was unable to file motions to suppress with newly discovered evidence and was prevented from filing "other motions." (ECF No. 85 at 17).

In the May 9, 2025 Opinion and Order, this Court explained that Triplett had not shown he was entitled to any additional time due to any alleged delay in authenticating the timestamped photos. This Court addressed the issue of time discrepancies and the search warrant affidavit in the December 19, 2024, Opinion and Order and found that "[a]ssuming Mr. Triplett has a

16

legitimate argument that a false statement was made and the statement was made 'knowingly and intentionally, or with reckless disregard for the truth,' this Court would still need to ask whether, after omitting the false information, probable cause remains in the search warrant affidavit." (ECF Nos. 43 at 13; 82 at 18). This Court then found that probable cause remained when omitting the same information Triplett has alleged to be false for nine months. (ECF Nos. 40 at 14; 70 at 2). This Court also found that Triplett did not identify any "newly discovered evidence" or other reasons warranting any additional time to prepare for pretrial motions. (ECF No. 82 at 19).

Accordingly, this Court finds Triplett failed to establish his Sixth Amendment right to a speedy trial was violated. The Motion to Dismiss (ECF No. 85) is thus **DENIED**.

### III. CONCLUSION

For the reasons stated above, Triplett's motion to dismiss (ECF No. 85) is **DENIED**.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 23, 2025**